[Crim. No. 34538. Second Dist., Div. Five. Sept. 6, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
MORRIS LYNN WILLIAMS, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Charles M. Sevilla, Chief Assistant State Public Defender, Richard A. Curtis, Deputy State Public Defender, and Louise E. Halevy, Acting Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General,

Roy C. Preminger and Pamela M. Nelson, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**STEPHENS, Acting P. J.**—Defendant was charged by information with one count of grand theft in violation of Penal Code section 487, subdivision 1, for stealing carpeting worth approximately $30,000 between November of 1977 and June of 1978 from the carpet mill where he was employed as a security guard. His motion to suppress the two confessions he made, one to a private security agent and one to the police, was denied. By stipulation of all parties, the issue of guilt was submitted on the transcripts of the preliminary hearing and the suppression hearing. The court found that both confessions were voluntary and that defendant was guilty; he was placed on probation for five years. This appeal followed.

In June of 1978 an inventory control analysis at the carpet mill where defendant was employed revealed that approximately $30,000 in rolls of carpet was missing from the warehouse. The plant manager called corporate headquarters of his security service to send an agent for the purpose of administering a polygraph test to the security guards employed at the mill. The plant manager testified that on June 15 this security agent gave the test to defendant, the main day shift guards and the main night guards. He further testified that the security service had administered these tests at his plant five or six times in the past, and that taking the tests was a condition of employment for security guards at the carpet mill. Defendant testified that during his polygraph test the security agent switched off the machine several times to call defendant a liar when he denied taking the carpeting; after the test, defendant admitted to the security agent that he took 15 small carpet samples and allowed trucks to go past his security station. Defendant denied that he was ever told he had to take lie detector tests as a condition of his employment; however, he had earlier testified that he took the test because he thought he had to and in fact had been given a polygraph test once before in the course of his employment at the mill. The security agent who administered defendant's polygraph test did not testify. After his test, defendant confessed to police who had been called to the plant and who advised him fully of his constitutional rights. The police officer who read to defendant his rights from a card testified that he then asked defendant if

he understood these rights and was willing to discuss the theft without an attorney present. Defendant replied yes, he did understand his rights and would discuss the case. He told the officer that he had taken the rug samples and allowed trucks to come into the plant seven or eight times between November of 1977 and June of 1978; he had been paid $200 by a fellow employee to allow the trucks in. Though at first he thought the truck was only picking up scrap carpeting, he knew what was happening by the second occasion when he discovered five rolls of carpeting missing from the warehouse after the truck's departure.

■ Defendant contends on appeal that his first confession was involuntary, that the second confession was a direct product of the first, and that therefore both confessions should be ruled inadmissible. (*People* v. *Jimenez* (1978) 21 Cal.3d 595, 614 [147 Cal.Rptr. 172, 580 P.2d 672]; *People* v. *Jones* (1944) 24 Cal.2d 601, 609 [150 P.2d 801].) We are urged by the defense that the prosecution failed to satisfy its burden of proving the voluntariness of defendant's confession (*People* v. *Jimenez, supra,* 21 Cal.3d at p. 613) because the security agent did not testify. This in turn, the defense alleges, means defendant's testimony that his confession to the security agent was coerced stands uncontradicted, which then invokes the rule of appellate review that we must reweigh the uncontradicted evidence presented and make an independent determination whether the trial court's decision on the voluntariness of defendant's first confession was proper. However, this argument is misapplied to the facts before us. The evidence presented was not uncontradicted. First, the plant manager's testimony that willingness to take lie detector tests was a condition of employment for security guards at the carpet mill contradicted defendant's testimony on that point. Second, defendant's testimony that he did not understand his *Miranda* rights was contradicted by the officer's testimony that he had carefully questioned defendant's understanding of his rights before defendant confessed. Third, defendant's testimony that he had been kept alone in a room with the private security agent for over three hours' interrogation (from 3 p.m. to 6 p.m.) was contradicted by the officer's testimony that only about a half hour elapsed from the time he was called by the plant manager (around 3 p.m.) until he met defendant at the carpet mill. ■ Where, as here, there is a conflict in the evidence as to whether a confession was made voluntarily, the determination of the court below is binding on the appellate court if that determination is supported by substantial evidence. (*People* v. *Haydel* (1974) 12 Cal.3d 190, 198 [115 Cal.Rptr. 394, 524 P.2d 866]; *People* v. *Superior Court (Crook)* (1978) 83 Cal.App.3d 335, 340 [147 Cal.Rptr. 856].) ■ In the face of conflicting testimony, summarized above,

" 'we accept that version of events which is most favorable to the People, to the extent that it is supported by the record.' " (*People* v. *Duck Wong* (1976) 18 Cal.3d 178, 187 [133 Cal.Rptr. 511, 555 P.2d 297], quoting *People* v. *Randall* (1970) 1 Cal.3d 948, 954 [83 Cal.Rptr. 658, 464 P.2d 114].) Thus, we must accept the testimony of the officer and plant manager insofar as it is incompatible with that of defendant. (*People* v. *Randall, supra,* 1 Cal.3d at p. 954.) That testimony constitutes substantial evidence to support the trial court's determination that defendant's two confessions were voluntary.

Finally, we note that defendant's reliance on *People* v. *Haydel* (1974) 12 Cal.3d 190 [115 Cal.Rptr. 394, 524 P.2d 866] is misplaced. That case is apparently the only California authority for finding involuntary confessions made to a private security officer. There, a store employee was caught loading boxes of store merchandise into a trunk of his car, driven by his wife. The store's security personnel took the employee into one room for questioning while they held his wife and infant child in another room. The employee signed a confession within an hour, but questioning continued for four more hours while the store also kept the employee's wife and child in the other room. During that four hours, the employee signed three more statements admitting the theft and consenting to a search of his home. Our Supreme Court held that the last three statements were coerced and inadmissible in light of the employee's growing anxiety about the detention of his wife and child (*id.* at pp. 200-201); however, the first confession, similar to that before us, was ruled voluntary and admissible (*id.* at pp. 198, 201).

The judgment is affirmed.

Ashby, J., and Hastings, J., concurred.

A petition for a rehearing was denied October 2, 1979, and appellant's petition for a hearing by the Supreme Court was denied November 1, 1979.